UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
TRESSA KURIAN

       Plaintiff,

   -against-

FOREST HILLS HOSPITAL
10201 66th Rd
Forest Hills, NY 11375
    and
GALIA BAGSADAROVA
Nurse Manager
North Shore University Hospital
10201 66th Rd
Forest Hills, NY 11375,

       Defendants.
---------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
12-CV-4539 (ADS) (GRB)

**APPEARANCES:**

**Law Office of Earl Raynor, Esq.**
*Attorney for the Plaintiff*
234 N Peach Street
Philadelphia, PA 19139
    By:    Earl Raynor, Esq., Of Counsel

**McCarter & English, LLP**
*Attorneys for the Defendants*
245 Park Ave
27th Floor
New York, NY 10167
    By:    Michael Christopher Moon, Esq.
              Peter D. Stergios, Esq., Of Counsel

**SPATT, District Judge.**

On September 11, 2012 the Plaintiff Tressa Kurian ("the Plaintiff") commenced this action against North Shore University Hospital ("North Shore") and Galia Bagsadarova ("Bagsadarova"). In the Original Complaint, the Plaintiff brought the following three causes of action: (1) an age discrimination claim pursuant to Title VII of the Civil Rights Act of 1984

("Title VII") and 42 U.S.C. § 1981 ("§ 1981); (2) a New York State claim alleging intentional infliction of emotional distress; and (3) a New York State claim alleging breach of contract and/or promissory estoppel. Thereafter, on December 19, 2012, the Plaintiff filed an Amended Complaint, which substituted Forests Hills Hospital ("Forest Hills") as a defendant instead of North Shore and asserted an age discrimination claim under 29 U.S.C. §§ 621–34 of the Age Discrimination in Employment Act ("the ADEA") in lieu of Title VII and § 1981.

Presently before the Court is a motion by Forest Hills and Bagsadarova (the "Defendants") to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6). For the reasons that follow, the Defendants' motion is granted.

## I. BACKGROUND

**A. Underlying Facts**

The facts relevant to this motion are set forth below and are taken from the Plaintiff's Amended Complaint, the factual allegations of which are identical to those alleged in the Original Complaint. For the purpose of deciding this Rule 12(b)(6) motion, the facts are construed in the light most favorable to the Plaintiff.

The Defendant Forest Hills is a hospital located in Forest Hills, New York. Since May 3, 1985, the Plaintiff has been employed as a registered nurse with Forest Hills. Her current position is Assistant Head Nurse of the Endoscopy Unit. In this position, the Plaintiff has consistently satisfied and/or exceeded all requirements. Bagsadarova is the Plaintiff's immediate supervisor. Bagsadarova is employed by North Shore in a supervisory capacity as a nursing manager. At the time this action was commenced, the Plaintiff was 62-years old.

The Plaintiff alleges that beginning in 2009, Bagsadarova has continuously engaged in harassing and abusive conduct towards her. In this regard, according to the Plaintiff,

Bagasdarova would tell the Plaintiff, in front of the Plaintiff's co-workers, that she was "slow, losing her mind, and should retire because she is rich." (Amend. Compl., ¶ 14.) The Plaintiff further claims that Bagsadarova excluded her from staff meetings. As a result of Bagsadarova's alleged behavior, the Plaintiff commenced the application process for early retirement. However the Plaintiff does not allege that she has ceased working for Forest Hills. Nevertheless, the Plaintiff asserts that Bagasdarova's actions amounted to a constructive discharge that violated the ADEA. As a result, she claims she will be deprived of income in the form of wages and prospective retirement income and benefits. The Plaintiff also alleges she suffered from extreme emotional distress due to Bagasadarova's conduct.

In addition, the Plaintiff asserts that the Defendant Forest Hills represented, both orally and in writing, that it would treat employees in a specific, fair and impartial manner, without regard to age. Forest Hills allegedly promulgated these policies and procedures and made these representations in such a manner as to manifest its willingness to enter into a bargain with its employees, including the Plaintiff. Further, Forest Hills provided express written statements of these policies and procedures to all employees, including the Plaintiff. According to the Plaintiff, Forest Hills failed to follow these policies and procedures in connection with her employment, and therefore, it breached its contract with her.

**B. Procedural History**

On April 13, 2012, the Plaintiff filed a charge of age discrimination with the New York State Department of Human Rights ("NYSDHR"). The charge was jointly filed with the Equal Employment Opportunity Commission ("EEOC"). On June 13, 2012, the Plaintiff received her statutory right-to-sue letter from the EEOC.

Thereafter, on September 11, 2012, by filing the Original Complaint, the Plaintiff commenced this action. The Original Complaint was signed by Earl Raynor, Esq. ("Raynor"). However, on the accompanying civil cover sheet, Raynor acknowledged that he was not admitted to practice in the Eastern District of New York. On September 13, 2012 and again on November 30, 2012, the Clerk's office called Raynor and left him messages in order to discuss ways in which he could become the attorney on record for the Plaintiff in this case.

On November 29, 2012, a day before the Clerk's office left the second message, the Clerk's office issued a summons to North Shore and a summons to Bagsadarov. On that same date, Raynor attempted to serve these summonses on Kaitlyn Di Lapi ("Di Lapi") at Forest Hills, who he believed was designated to accept service of process on behalf of North Shore. However, Di Lapi informed Raynor that she could not accept service on behalf of North Shore because Forest Hills is a different hospital.

On December 20, 2012, North Shore and Bagsadarova moved to dismiss the Original Complaint. They argued that dismissal was warranted pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5) because (1) the Plaintiff failed to include in the summons the seal of the court or the name of the attorney upon whom a responsive pleading should be served and (2) the Plaintiff failed to perfect service upon North Shore because the Plaintiff personally attempted to serve North Shore at Forest Hills, even though Forest Hills is actually a separate entity from North Shore. It was further argued that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the Plaintiff failed to state a claim upon which relief may be granted.

However, on December 19, 2012, 20 days after attempting to serve the Original Complaint and one day prior to the filing of North Shore and Bagsadarova's motion to dismiss , the Plaintiff filed the Amended Complaint. As stated above, the Amended Complaint substituted

4

Forest Hills as a defendant instead of North Shore and asserted an age discrimination claim under the ADEA rather than under Title VII and § 1981. The Amended Complaint was entered into the court's Electronic Case Filing system on December 21, 2012, and was thus received by North Shore and Bagsadarova on that date.

On January 4, 2013, the Defendants' filed a motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6). Thus, because a plaintiff may, pursuant to the provisions of Fed. R. Civ. P. 15(a)(1), amend her complaint once as a matter of course within 21 days after serving it and in light of the fact that the Defendants filed a motion to dismiss the Amended Complaint, the Court finds that the motion to dismiss the Original Complaint is moot.

In their motion to dismiss the Amended Complaint, the Defendants contend that (1) negative comments and exclusion from staff meetings are not an adverse employment action; (2) the Plaintiff cannot assert that she was constructively discharged because she has not alleged the cessation of her employment; (3) the Plaintiff failed to plausibly allege intolerable working conditions; (4) the Plaintiff's vague allegations of harassment are insufficient to establish a causal nexus; and (5) as to the Defendant Bagsadarova, there is no individual liability under the ADEA. The Defendants also argue that the Court should decline to exercise supplemental jurisdiction over the Plaintiff's remaining state law claims and that, in any event, even if the Court did exercise supplemental jurisdiction, the state law claims should be dismissed because the Plaintiff has not asserted sufficient factual allegations to state a plausible claim for relief.

On January 19, 2013, the Plaintiff, pro se, opposed the Defendant's motion to dismiss the Amended Complaint, to which the Defendants replied on January 28, 2013. In their reply, the Defendants claim that the Plaintiff's pro se status should not be considered because the Amended Complaint was based upon the Original Complaint, which was prepared and signed by Raynor,

5

her counsel. In addition, the Defendants assert that the Plaintiff's opposition to the Defendants' motion to dismiss was also probably prepared by Raynor, as he served it on the Defendants.

After the motion to dismiss was fully briefed, on February 8, 2013, the Plaintiff moved for the first time to permit Raynor to appear pro hac vice in this action. On February 11, 2013, United States Magistrate Judge Gary R. Brown granted the Plaintiff's motion. Thereafter, on February 21, 2013, on behalf of the Plaintiff, Raynor filed an opposition to the Defendant's motion to disimiss the Amended Complaint. The Court notes that Raynor's opposition was substantially similar to the opposition that the Plaintiff filed pro se on January 19, 2013. On February 25, 2013, the Defendants moved to quash and strike the opposition filed on February 21, 2013, which motion the Court granted on March 12, 2013.

## II. DISCUSSION

### A. Legal Standard on a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

It is well established that a complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007, 127 S. Ct. 1955, 167 L. Ed. 2d 929. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Harris v. Mills, 572 F. 3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, l556 U.S. 662, 679, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009)).

In deciding a motion to dismiss, the Court is required to accept the material facts alleged in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. Iqbal, 555 U.S. at 678; Zinermon v. Burch, 494 U.S. 113, 118, 110 S. Ct. 975, 979, 108 L. Ed. 2d 100 (1990); In re NYSE Specialists Secs. Litig., 503 F.3d 89, 91 (2d Cir. 2007). As such, "[w]hen

there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." Iqbal, 556 U.S. at 679. However, "although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Harris, 572 F.3d at 72 (quoting Iqbal, 556 U.S. at 678). In its analysis, the Court may refer "to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in [a] plaintiff['s] possession or of which [a] plaintiff[ ] had knowledge and relied on in bringing suit." Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993); see also Karmilowicz v. Hartford Fin. Servs. Group, 494 F. App'x. 153, 156 (2d Cir. 2012).

**B. As to Whether the Court Should Consider the Plaintiff's Submissions as Pro Se Submissions**

At the outset, the Court must first resolve whether it will treat the Plaintiff's Amended Complaint and opposition to the Defendants' motion to dismiss as pro se submissions. In this regard, the Defendants argue that the Amended Complaint should not be treated as a pro se submission, because it is based upon the Original Complaint that was prepared and signed by Raynor. Similarly, the Defendants argue that the Plaintiff's opposition should not be treated as a pro se submission either, because it appears likely that it was prepared with significant assistance by Raynor.

Generally, courts must treat the submissions of pro se plaintiffs "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980) (per curiam) (internal quotation marks and citations omitted); Arum v. Miller, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003). Specifically, courts are

7

required to "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir.1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994)).

Nevertheless, where an apparently pro se plaintiff has actually received the assistance of counsel, "[a]llowing [such a plaintiff] to have the benefit of the liberal pleadings standard of pro se parties . . . would be fundamentally unfair." CIT Group/Commercial Servs. v. Prisco, 640 F. Supp.2d 401, 407 (S.D.N.Y. 2009) (citations omitted). Indeed,

> [w]hen . . . complaints drated by attorneys are filed bearing the signature of a plaintiff outwardly proceeding pro se, the indulgence extended to the pro se party has the perverse effect of skewing the playing field rather than leveling it. The pro se plaintiff enjoys the benefit of the legal counsel while also being subjected to the less stringent standard reserved for those proceeding without the benift of counsel. This situation places the opposing party at an unfair disadvantage, interferes with the efficient administration of justice, and constitutes a misrepresentation to the Court.

Raghavendra v. Trustees of Columbia University, No. 06 Civ 6841(PAC)(HBP), 2008 WL 2696226, at *13 n.5 (S.D.N.Y. July 7, 2008) (quoting Laremont-Lopez v. Southeastern Tidewater Opportunity Ctr., 968 F. Supp. 1075, 1078 (E.D.Va. 1997)).

In this case, although the Planitiff filed her Amended Complaint and opposition to the Defendants' motion to dismiss pro se, it appears she was assisted in drafting these submissions by Raynor, a practicing attorney. Accordingly, in the interest of fairness, the Court declines to apply the liberal pleading standard while considering the Plaintiff's Amended Complaint. See Raghavendra, 2008 WL 2696226, at *13 n.5 (quoting Johnson v. Board of County Comm'rs for County of Fremont, 868 F. Supp. 1226, 1231 (D. Colo. 1994)) ("[P]leadings seemingly filed pro se but drafted by an attorney would give a plaintiff the unwarranted advantage of having a liberal pleading standard applied whilst holding the opposing party to a more demanding scrutiny . . . .

8

[T]he entire process would be skewed to the distinct disadvantage of the nonoffending party.") (internal brackets omitted).

## C. As to Whether the Plaintiff has Stated a Plausible Claim for Age Discrimination Under the ADEA

Having determined that it will not apply the liberal pleading standard while reviewing the Plaintiff's Amended Complaint, the Court will now consider the merits of the Defendants' motion to dismiss. In this regard, the Defendants contend that the Plaintiff has failed to state a claim for age discrimination because she has provided no factual allegations to support her claim. The Court agrees.

In relevant part, the ADEA prohibits an employer from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). With the exception of one modification not applicable here, a claim brought pursuant to the ADEA is "analyzed under the burden-shifting framework set forth by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), pursuant to which the plaintiff has the burden of demonstrating that his or her age was a motivating factor in the adverse employment action." Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 106 (2d Cir. 2010). Under McDonnell Douglas, a plaintiff alleging age discrimination must first "establish a prima facie case" by "show[ing] (1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." Id. (citing Carlton v. Mystic Transp., Inc., 202 F.3d 129, 134 (2d Cir. 2000)).

However, "the survival of a complaint in an employment discrimination case does not rest on whether it contains specific facts establishing a prima facie case under McDonnell Douglas." Lax v. 29 Woodmere Bldv. Owners, Inc., 812 F. Supp. 2d 228, 236 (E.D.N.Y. 2011); see also Kassner v. 2nd Avenue Delicatessen Inc., 496 F.3d 229, 238 (2d Cir. 2007) (recognizing that at the motion to dismiss stage, "plaintiffs need not plead a prima facie case and may withstand a motion to dismiss by meeting a lesser standard"). This is because, at the pleading stage, the Court does not apply the McDonnell Douglas burden-shifting test used to analyze the evidentiary support for discrimination claims. See Gonzalez v. Carestream Health, Inc., no. 12-4202-cv, 2013 WL 1296492, at *1 (2d Cir. Apr. 2, 2013) ("To survive a motion to dismiss, a complaint alleging workplace discrimination . . . need not allege specific facts establishing a prima facie case under McDonnell Douglas. . . ."); Rosario v. City of New York, No. 11–CV–09008 (PAC)(SN), 2013 WL 782408, at *6 (S.D.N.Y. Jan. 9, 2013), adopted by, 2013 WL 78258, at *2 (S.D.N.Y. Mar. 1, 2013) ("An 'employment discrimination plaintiff need not plead a prima facie case of discrimination [under McDonnell Douglas].") (quoting Bermudez v. City of New York, 783 F. Supp. 2d 560, 575 (S.D.N.Y. 2011) (in turn, quoting Swierkiewicz v. Sorema N. A., 534 U.S. 506, 515, 122 S. Ct. 992, 999, 152 L. Ed. 2d 1 (2002))). Indeed, "[t]o measure a plaintiff's complaint against a particular formulation of the prima facie case at the pleading stage [would be] inappropriate," because "the prima facie case operates as a flexible evidentiary standard" that "should not be transposed into a rigid pleading standard for discrimination cases." Swierkiewicz, 534 U.S. at 507.

Rather, "[this Court] consider[s] only whether the complaint includes factual allegations sufficient 'to raise a right to relief above the speculative level.'" Gonzalez v. Carestream Health Inc., 2013 WL at *1 (quoting Twombly, 550 U.S. at 555); see also Boykin v. KeyCorp, 521 F.3d

202, 212–13 (2d Cir.2008). In other words, "the Court asks only whether a plaintiff has pled a prima facie case, not whether a plaintiff has established that case. Thus, the standard is simply whether [the] plaintiff's complaint, construed liberally, satisfies the federal pleading requirements for a claim" of age discrimination. Hitchins v. NYC Dept. of Educ., No. 11–CV–4180 (RRM)(RML), 2013 WL 1290981, at *3 (E.D.N.Y. Mar. 28, 2013); see also Swierkiewicz, 534 U.S. at 508 (quoting Fed. R. Civ. P. 8(a)(2)) (finding that on a motion to dismiss, a complaint alleging employment discrimination need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Kassner, 496 F.3d at 238 ("Plaintiffs need only comply with Rule 8(a)(2) by providing a short and plain statement of the claim that shows that plaintiffs are entitled to relief and that gives the defendants fair notice of plaintiffs' claims of age discrimination and the grounds upon which those claims rest.").

Nevertheless, "even though establishing a prima facie case of age discrimination is not necessary to survive a motion to dismiss, courts do use the standard as a guidepost when determining whether the plaintiff has provided the defendant with fair notice of her claim, as required by the Federal Rules of Civil Procedure." Barker v. UBS AG, 3:09-CV-2084 CFD, 2011 WL 283993, at *5 (D. Conn. Jan. 26, 2011). Thus, while a plaintiff need not allege specific facts establishing all the elements of a prima facie case under McDonnell Douglas, these elements can still "provide [a helpful] outline of what is necessary to render [a plaintiff's] claims for relief plausible." Sommersett v. City of New York, No. 09 Civ. 5916(LTS)(KNF), 2011 WL 2565301, at *5 (S.D.N.Y. June 28, 2011).

In this case, the Defendants argue that the Plaintiff has failed to state a claim under the ADEA for age discrimination because (1) with respect to Bagsadarova, there is no individual liability under the ADEA and (2) the Plaintiff has not asserted sufficient factual allegations that

she has suffered an adverse employment action. As an initial matter, the Court agrees with the Defendants that Bagsadarova, as an individual, may not be held liable under the ADEA. Indeed, "[t]he law is clear that an age discrimination claim brought pursuant to the ADEA cannot lie against an individual." Rehman v. State University of New York at Stony Brook, 596 F. Supp. 2d 643, 652 (E.D.N.Y. 2009) (quoting Hogan v. J.P. Morgan Chase Bank, No. 05-CV-5342 (JS)(ARL), 2008 WL 4185875, at *3 (E.D.N.Y. Sept. 4, 2008)); see also Falbaum v. Pomerantz, 19 F. App'x 10 (2d Cir. 2001); McKeever v. New York Medical College, No. 96 Civ. 7066, 1999 WL 179376, at *8 (S.D.N.Y. Mar. 31, 1999). As such, the ADEA claim brought against the Defendant Bagdasarova is dismissed.

The Court also agrees that the Plaintiff has failed to adequately allege that she suffered an adverse employment action. In this regard, "[a] plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment." Quinby v. WestLB AG, No. 04 Civ.7406 WHP, 2007 WL 1153994, at *11 (S.D.N.Y. Apr. 19, 2007) (quoting Galabya v. New York City Bd. Of Educ., 202 F.3d 636, 640 (2d Cir. 2000)); see also Brown v. City of Syracuse, 673 F. 3d 141, 150 (2d Cir. 2012) (same). "Material adversity depends upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." Santora v. All About you Home Care Collaborative Health Care SVC, LLC, No. 3:09CV00339 (DJS), 2012 WL 1964965, at *3 (D. Conn. May 31 2012) (quoting Burlington Northern & Sante Fe Ry. Co v. White, 548 U.S. 53, 71, 126 S. Ct. 2417, 165 L. Ed. 2d 345 (2006)). "Examples of a materially adverse change include a decrease in wage or salary, a less distinguishes title, a material loss of benefits, [and] significantly diminished material responsibilities." Quinby, 2007

WL 1153994, at *11 (quoting Fairbrother v. Morrison, 412 F.3d 39, 56 (2d Cir. 2005) (in turn quoting Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir.2003))).

Of importance, "[a]ctions that are 'trivial harms'—i.e., 'those petty slights or minor annoyances that often take place at work and that are employees experience'—are not materially adverse." Tepperwien v. Entergy Nuclear Operations, Inc., 663 F.3d 556, 568 (2d Cir. 2011) (quoting Burlington, 548 U.S. at 68). Furthermore, "[p]ersonality conflicts at work that generate antipathy and snubbing by supervisors and co-workers are not actionable." Id. at 571 (quoting Burlington, 548 U.S. at 68); see also Martinez v. N.Y.C. Dep't of Educ., No. 04–CIV–2728 (LTS)(DFE), 2008 WL 2220638, at *12 (S.D.N.Y. May 27, 2008) ("[I]ncidents where [a supervisor] publicly yelled at [the plaintiff] for various reasons or called him 'shit' . . . constitute, as a matter of law, the sorts of petty slights and personality conflicts that are not actionable").

Here, the Plaintiff asserts that the Defendants violated the ADEA, because she was subjected to "harassing and abusive conduct" by Bagdasarova in that Bagdasarova told her in front of co-workers that she "was slow, losing her mind, and did not need to continue working, because she was rich." (Amend. Compl., 18.) The Court finds that these allegations are not sufficient to state a plausible claim for relief. This is because "a supervisor's critical comments do not amount to an adverse employment action." King v. U.S. Sec. Associates, Inc., 11 CIV. 4457 DAB MHD, 2012 WL 4122025, at *8 (S.D.N.Y. Aug. 22, 2012), report and recommendation adopted by, 2012 WL 4327396, at *1 (S.D.N.Y. Sept. 18, 2012). Indeed, "being yelled at, receiving unfair criticism, receiving unfavorable schedules or work assignments, and being told to retire . . . do not rise to the level of adverse employment actions" as "they do not affect any ultimate employment decisions." Katz v. Beth Israel Med. Ctr., No. 95 Civ. 7183 AGS, 2001 WL 11064, at *14 (S.D.N.Y. Jan. 4, 2001); see also Teachout v. N.Y.

City Dep't. of Educ., No. 04 Civ. 945(GEL), 2006 WL 452022, at *13 (S.D.N.Y. Feb.22, 2006) ("Negative comments . . . are not, standing alone, adverse employment actions, because mere comments do not materially affect employment.").

The Plaintiff also claims she was excluded from staff meetings. However, she has not included any factual allegations as to how her exclusion from these meetings impinged on her professional advancement or represented a significant change in her prior responsibilities. In similar cases, courts have found that exclusion from meetings does not amount to an adverse employment action. See, e.g., Mabry v. Neighborhood Defender Serv., 769 F. Supp. 2d 381, 399 (S.D.N.Y. 2011) ("While plaintiff may be subjectively unhappy with his exclusion from management meetings, the failure to invite plaintiff to management meetings does not rise to the level of a material adverse action."); Hampton v. Diageo N. Am., Inc., 3:04CV346(PCD), 2008 WL 350630, at *9 (D. Conn. Feb. 7, 2008) (finding that "exclusion from meetings" does not "constitute an adverse employment action[ ]."); cf. Kessler v. Westchester County Dept. of Soc. Servs., 461 F.3d 199, 209 (2d Cir. 2006) (concluding at the summary judgment stage that the plaintiff's exclusion from managerial meetings constituted an adverse employment action where plaintiff had demonstrated that such exclusion indicated a significant change in his responsibilities).

In addition, to the extent the Plaintiff argues that she suffered an adverse employment action because she was constructively discharged, the Court finds her argument without merit. The Second Circuit has articulated that "[a]n employee is constructively discharged when [her] employer, rather than discharging [her] directly, intentionally creates a work atmosphere so intolerable that [she] is forced to quit involuntarily." Petrosino v. Bell Atl., 385 F.3d 210, 229 (2d Cir. 2004) (quoting Terry, 336 F.3d at 151–52). However, "in order to state a claim for

constructive discharge, a plaintiff must allege that [she] has quit [her] employment with the defendant." Birkholz v. City of New York, 10-CV-4719 NGG SMG, 2012 WL 580522, at *14 (E.D.N.Y. Feb. 22, 2012). In this case, the Amended Complaint only alleges that the Plaintiff commenced the early retirement process, but does not assert that her employment has ceased with the Defendant Forest Hills. Thus, the Plaintiff's ADEA claim premised on constructive discharge is insufficient. See also Brown v. New York State Dep't of Corr. Servs., 583 F. Supp. 2d 404, 413 (W.D.N.Y. 2008) ("As the term "constructive discharge" implies, a sine qua non of such a claim is that the plaintiff's employment with the defendant has ended.").

Moreover, even assuming the Plaintiff had retired from working with the Defendant Forest Hills, her ADEA claim would still fail, because "a perception that the employee is being unfairly criticized, or exposure to difficult or unpleasant conditions does not rise to the level of a constructive discharge." Russ v. Town of Watertown, 3:04CV014AWT, 2005 WL 734344, at *2 (D. Conn. Mar. 29, 2005) (citing Stetson v. NYNEX Serv. Co., 995 F.2d 355, 360 (2d Cir.1993)). Of importance, "[a] claim of constructive discharge without a sufficient factual basis 'must be dismissed.'" Id. Here, the Plaintiff only alleges that she was criticized by her supervisor, the Defendant Bagsadorva, and excluded from meetings. This alone is not enough to constitute a claim of a constructive discharge. Costa v. City of New York, 546 F. Supp. 2d 117, 119 (S.D.N.Y. 2008) (quoting Stetson, 995 F.2d at 360) (holding that "a claim [of constructive discharge]" may not be based on assertions that (1) "[the] employee was dissatisfied with the nature of [her] assignments"; (2) "the employee feels that the quality of [her] work has been unfairly criticized"; (3) the employee was subjected "hypercritical supervision"; or (4) "the employee's working conditions were difficult or unpleasant") (internal quotation marks and brackets omitted).

In sum, the Plaintiff has failed to plausibly allege that she suffered any adverse employment action, including constructive discharge. Accordingly, her ADEA claim is dismissed in its entirety.

### D. As to the Plaintiff's Remaining State Law Claims

As this Court has found the Plaintiff has failed to state a claim under the ADEA, the only remaining causes of action in this case allege state law claims. However, a court "may decline to exercise supplemental jurisdiction over a [pendent state law] claim" if the court "has dismissed all [federal] claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Once [a court's] discretion is triggered under § 1367(c)(3), it balances the traditional values of judicial economy, convenience, fairness, and comity in deciding whether to exercise jurisdiction." Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (internal citation and quotation marks omitted).

Having dismissed the Plaintiff's only federal claim, and given the early stage of this litigation, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Therefore, the motions to dismiss the Plaintiff's state law claims is granted without prejudice. See Mabry, 769 F. Supp. 2d at 402 (dismissing "the plaintiff's state law claims . . . without prejudice" where "all the plaintiff's federal claims [including his ADEA claim] ha[d] been dismissed" pursuant to 12(b)(6)").

### III. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED**, that the Plaintiff's ADEA claim is dismissed with prejudice as to both the Defendants, and it is further

**ORDERED**, that the Plaintiff's remaining state law claims are dismissed without prejudice; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
July 15, 2013

                                               */s/ Arthur D. Spatt*
                                               ARTHUR D. SPATT
                                         United States District Judge